UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

CIVIL ACTION NO. 20-24-DLB

TIMOTHY L. TYSON                                                                   PLAINTIFF

v.                      **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL, Commissioner
of the Social Security Administration                           DEFENDANT

\* \*   \* \*   \* \*   \* \*   \* \*   \* \*   \* \*

This matter is before the Court on Plaintiff Timothy Tyson's Motion for Summary Judgment, (Doc. # 10), pursuant to 42 U.S.C. § 405(g), which allows Mr. Tyson to obtain judicial review of an administrative decision by the Commissioner of Social Security. Defendant Andrew Saul, Commissioner of the Social Security Administration, filed a Cross Motion for Summary Judgment. (Doc. # 13). The Court, having reviewed the administrative record and the parties' motions, and for the reasons set forth herein, **affirms** the Commissioner's decision.

I.        **FACTUAL AND PROCEDURAL BACKGROUND**

On July 5, 2017, Plaintiff Timothy Tyson filed an application for Disability Insurance Benefits under Title II and Part A of Title XVIII, alleging disability as of January 1, 2013. (Tr. 283). At the onset of alleged disability that rendered Plaintiff unable to work, he was forty-two years old. (*Id.*). Plaintiff's application under Title II was denied initially on August 15, 2017, (Tr. 164, 181-182), and was denied upon reconsideration on October 26, 2017, (Tr. 183, 207). At Plaintiff's request, (Tr. 222-223), an administrative hearing was

conducted, (Tr. 136-163), and on March 15, 2019, Administrative Law Judge ("ALJ") Joyce Francis found that Plaintiff was not disabled under the Social Security Act and, therefore, not entitled to benefits. (Tr. 113-135). The decision became the final decision of the Commissioner on December 26, 2019 when the Appeals Council denied Plaintiff's request for review. (Tr. 1-7).

## II. DISCUSSION

### A. Standard of Review

Judicial review of the Commissioner's decision is restricted to determining whether it is supported by substantial evidence and was made pursuant to proper legal standards. *See Colvin v. Barnhart*, 475 F.3d 727, 729-30 (6th Cir. 2007) (citing *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997)). "Substantial evidence" is defined as "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Servs.*, 667 F.2d 524, 535 (6th Cir. 1981)). Courts are not to conduct a de novo review, resolve conflicts in the evidence, or make credibility determinations. *Id.* (citing *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984)). Rather, the Court must affirm the Commissioner's decision as long as it is supported by substantial evidence, even if the Court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999) (citing *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)). In other words, if supported by substantial evidence, the Commissioner's findings must be affirmed even if there is evidence favoring Plaintiff's side. *Id.*; *see also Listenbee v. Sec'y*

*of Health & Human Servs.*, 846 F.2d 345, 349 (6th Cir. 1988).  In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole."  *Cutlip*, 25 F.3d at 286.

**B.    The ALJ's Determination**

To determine disability, an ALJ conducts a five-step analysis.  *Walters*, 127 F.3d at 529.  Under Step One, the ALJ considers whether the claimant is engaged in substantial gainful activity; Step Two, whether any of the claimant's impairments, alone or in combination, are "severe"; Step Three, whether the impairments meet or equal a listing in the Listing of Impairments; Step Four, whether the claimant can still perform his past relevant work; and Step Five, whether a significant number of other jobs exist in the national economy that the claimant can perform.  *See id.* (citing 20 C.F.R. § 404.1520).  The burden of proof rests with the claimant for Steps One through Four.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).  At Step Five, the burden of proof "shifts to the Commissioner to identify a significant number of jobs in the economy that accommodate the claimant's residual functional capacity."  *Id.* (citing *Bowen*, 482 U.S. at 146 n.5).

Here, at Step One, the ALJ found that Plaintiff had not engaged in substantial gainful activity after January 1, 2013—the alleged onset date of his disability.  (Tr. 118).  At Step Two, the ALJ determined that Plaintiff has the following severe impairments: anxiety, depression, degenerative disc disease, peripheral neuropathy, and right shoulder arthroscopy.  (*Id.*).  However, the ALJ found that Plaintiff's following impairments were not severe: restless leg syndrome, sleep apnea, or colitis, as these conditions did "no more than minimally limit the performance of basic work activity."  (Tr. 118-119).  Additionally,

3

the ALJ found that Plaintiff has the following mild impairments: understanding, remembering, or applying information, interacting with others, concentrating, persisting, or maintaining pace, and adapting or managing oneself. (*Id.*). At Step Three, the ALJ determined that Plaintiff does not have any impairment or combination of impairments that meet or medically equal the severity of any of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (Tr. 119).

The ALJ then found that Plaintiff possesses the residual functional capacity ("RFC") to perform "light work" as outlined in 20 C.F.R. §§ 404.1567(b), with the following limitations:

> [The claimant] can frequently climb ramps and stairs; can occasionally climb ladders, ropes, or scaffolds; can occasionally stoop, kneel, crouch, and crawl; can frequently reach overhead bilaterally; can frequently be exposed to vibration; can frequently be exposed to dust, odors, fumes, and pulmonary irritants; and can frequently be exposed to unprotected heights or dangerous, moving machinery. He can understand and remember simple instructions; can sustain attention and concentration to complete simply tasks; interact frequently with supervisors and coworkers and can occasionally interact with the public; and can adapt to routine work conditions and occasional workplace changes that are gradually introduced.

(Tr. 121). Ultimately, the ALJ concluded at Step Four that Plaintiff's RFC precludes Plaintiff from performing his past relevant work as a driver/sales representative. (Tr. 125).

Finally, at Step Five, the ALJ determined that numerous other jobs exist in the national economy that Plaintiff can perform. (*Id.*). Based on the opinion of a vocational expert, the ALJ found that Plaintiff could engage in the following occupations: inspector/tester, assembler, and packer. (Tr. 126). Accordingly, the ALJ concluded that Plaintiff was not disabled as defined by the Social Security Act at any time after January 1, 2013. (*Id.*).

**C.     Analysis**

In Plaintiff's Memorandum in Support of his Motion for Summary Judgment, he argues that the ALJ's determination of his RFC was not supported by substantial evidence in the record because the ALJ improperly relied on the information provided by a non-treating physician, and did not properly consider the opinions of Tyson's treating physicians. (Doc. # 11 at 6-8). The Court disagrees.

Tyson asserts that he has severe impairments that "eliminate" his ability to work. (*Id.* at 7). In support of this argument, Tyson points to his treating nurse practitioner, Ramona Boyd, his treating orthopedist, Dr. Wallace Huff, and his treating physician, Dr. Joe Smiddy, who all opined that Tyson's limitations prevented him from working, at least to a certain degree. (*Id.* at 6-8). Plaintiff argues that the ALJ should not have given controlling weight to the non-treating physicians' opinions, specifically the findings of the state agency physician, Dr. Jack Reed, and state agency psychologists, Dr. Ilze Sillers, and Dr. Ed Ross.[1] (*Id.*). Specifically, Plaintiff relies on 20 C.F.R. § 404.1527, which unfortunately for Plaintiff, only governs claims filed before March 27, 2017. In the instant case, Plaintiff filed his claim with the Social Security Administration on July 5, 2017. (Tr. 283). Therefore, as pointed out by the Commissioner, the new regulation, found in 20 C.F.R. § 404.1520c, applies. (*See* Doc. # 13 at 5). At face value, the new regulation moots Plaintiff's arguments that his physicians' opinions deserved more deference. *See Mazza v. Saul*, No. 19-CV-1724, 2020 WL 6909308, at *4 (E.D. Wisc. Nov. 24, 2020) ("Although [claimant] phrases [his] argument in terms of the 'weight' the ALJ gave to [a medical source's] opinions, the Social Security Administration has abandoned this

---

[1]     While the non-treating physicians were not specifically named in Plaintiff's brief, they are identified in the administrative record provided to the Court. (*See* Tr. 171-172, 200-204).

5

framework."). Instead, as long as the ALJ considered the record as a whole and her decision was supported by substantial evidence, the Court must affirm. *See Her*, 203 F.3d at 389-90 (citing *Key*, 109 F.3d at 273).

Residual functional capacity refers to "the most [a claimant] can still do despite [his] limitations" and should be assessed "based on all the relevant evidence in [the] case record." 20 C.F.R. § 404.1545(a)(1). In determining a Plaintiff's RFC, an ALJ should consider "all of the relevant medical and other evidence" and "statements about what [claimant] can still do that have been provided by medical sources." 20 C.F.R. § 404.1545(a)(3). As to medical opinions specifically, the agency "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Further, the following factors are relevant to an ALJ's consideration of medical opinions: supportability, consistency, relationship with the claimant, specialization, and other factors. 20 C.F.R. § 404.1520c(c)(1)-(5). Relevant here are the two "most important factors": supportability, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . . the more persuasive the medical opinions . . . will be," and consistency, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be." *Id.* § (c)(1)-(2). Although the ALJ is required to consider all the factors listed in 20 C.F.R. § 404.1520c(c)(1)-(5), she must only "explain how [she] considered the supportability and consistency factors in determining the persuasiveness of the medical source's opinion." *Gower v. Saul*, No. 4:19-CV-00058,

2020 WL 1151069, at *4 (W.D. Ky. Mar. 3, 2020); *Mazza*, 2020 WL 6909308, at *5 ("[the ALJ] need only explain how she considered supportability and consistency.") (citing 20 C.F.R. §§ 404.1520c(b)(2) and 416.920c(b)(2)).[2]

The ALJ discussed her findings regarding Plaintiff's medical records, including opinions from his treating physicians and nurse, as well as the findings of the state agency physician and psychologists. (Tr. 122-125). The ALJ determined that Dr. Sillers's and Dr. Ross's mental functional analyses were persuasive "because findings of no more than 'moderate' mental limitations are consistent with the conservative treatment record." (Tr. 124). Further, the ALJ found Dr. Reed's opinion providing that Tyson can perform light work highly persuasive due to his "program experience, substantial consistency with the record of clinical findings, and supporting explanation/rationale." (*Id.*). As to the opinions of Nurse Boyd, Dr. Smiddy, and Dr. Huff, the ALJ noted that the opinions "offer conclusory statements about the claimant's health and permanent disability . . . and are otherwise unpersuasive because the medical evidence and reported activities of daily living discussed – to include raising a teenage daughter as a de facto single parent while also driving 3½ hours each way on weekends to see his wife – do not support such spartan assessments." (Tr. 125).

As to Plaintiff's specific allegation that the ALJ did not properly consider his treating source opinions, and therefore the RFC was not supported by substantial evidence, the Court disagrees. First, as noted above, treating source opinions are no longer entitled to

---

[2]   20 C.F.R. § 404.920c states in relevant part as follows: "[w]e may, but are not required to, explain how we considered the other most persuasive factors in paragraphs (c)(3) through (c)(5) [i.e. relationship with the claimant, specialization, and other factors] of this section, as appropriate, when we articulate how we consider medical opinions and prior administrative medical findings in your case record."

7

any special weight.  *Supra* Part II.C. ¶ 2.  Second, the ALJ properly weighed the medical opinions in accordance with the new regulation.  *See* 20 C.F.R. § 404.1520c.  The ALJ found that the state agency psychologists' opinions were persuasive because they were consistent with the record.  (Tr. 124).  This finding goes to the "consistency" factor, which dictates that the more consistent a medical source's findings are with evidence from other medical and non-medical sources, the more persuasive they will be.  20 C.F.R. § 404.1520c(c)(2).  As to the state agency physician, Dr. Reed, the ALJ found his opinion highly persuasive because it was both consistent with the record and supported by objective medical evidence and his explanation.  (Tr. 124).  The regulation in 20 C.F.R. § 404.1520c(c)(1) regarding "supportability" of a medical opinion provides that the ALJ must evaluate the amount of objective evidence and number of explanations provided by the medical source to support his or her opinion.  Because Dr. Reed's opinion discussed the evidence in detail and explained why Plaintiff's treating nurse's opinion was unsupported by evidence, the ALJ found it highly persuasive under the "supportability" factor.  (Tr. 124, 198-202).

The ALJ properly declined to rely upon the medical opinions of Plaintiff's physicians and nurse because she found those opinions to be conclusory and inconsistent with the record.  (Tr. 125).  Regarding Plaintiff's ability to function on the level necessary to support his daily activities, the ALJ determined that the opinions of Plaintiff's treating medical personnel were unsupported by the evidence.  (Tr. 125).  Moreover, the opinions of Plaintiff's physicians were inconsistent with other medical sources, including Dr. Reed's opinion.  Although the ALJ did not discuss the other factors found in 20 C.F.R. § 404.1527c(c)(1)-(5), she was not required too.  *See Mazza*, 2020 WL 6909308, at *5;

20 C.F.R. § 416.920c(b)(2). Because the ALJ's decision was consistent with 20 C.F.R. § 404.1520c, the ALJ properly considered the medical opinions of Plaintiff's treating sources and the state agency physicians.

Further, in reviewing an appeal from the Social Security Administration's decision, the Court is required to accept the ALJ's decision as long as it is supported by substantial evidence. *See Her*, 203 F.3d at 389-90 (citing *Key*, 109 F.3d at 273). Plaintiff's argument is simple—the ALJ should have found opinions by the Plaintiff's medical providers more persuasive than the opinions of the state agency medical providers. (*See* Doc. # 11 at 8). However, the Court does not review the case de novo, and thus cannot resolve conflicts in the evidence or decide questions of credibility. *Cutlip*, 25 F.3d at 286 (citing *Brainard*, 889 F.2d at 681). The ALJ has "the enormous task of making sense of the record, reconciling conflicting medical opinions and evidence, and weighing the credibility of [the claimant's] subjective complaints," and therefore the "Court's review is limited to whether [the ALJ] relied on evidence that 'a reasonable mind might accept as adequate to support a conclusion.'" *Gladson v. Saul*, No. 6:20-064, 2020 WL 6689196, at *8 (E.D. Ky. Nov. 12, 2020) (quoting *Buxton v. Halter*, 245 F.3d 762, 775 (6th Cir. 2001)). Therefore, the Court declines to reweigh the evidence already evaluated by the ALJ, as she used the correct regulations to inform her opinion and provided substantial evidence supporting her decision to rely on the state agency physicians instead of Plaintiff's own medical providers.

### III.   CONCLUSION

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1)   The decision of the Commissioner is supported by substantial evidence and is hereby **AFFIRMED**;

(2)   Plaintiff's Motion for Summary Judgment (Doc. # 10) is hereby **DENIED**;

(3)   The Commissioner's Motion for Summary Judgment (Doc. # 13) is hereby **GRANTED**;

(4)   This civil action is hereby **DISMISSED** and **STRICKEN** from the Court's active docket; and

(5)   A Judgment in favor of Defendant Commissioner will be entered contemporaneously herewith.

This 19th day of March, 2021.



J:\DATA\SocialSecurity\MOOs\London\20-24 Tyson MOO.docx